IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 11-0262-WS |
| ) | |
| STANLEY M. WRIGHT, ) | |
| MARY L. WRIGHT a/k/a ) | |
|    MARY W. STRACHAN, a/k/a ) | |
|    MARY W. COOK, and ) | |
| JANEY GALBRAITH, ) | |
| ) | |
|    **Defendants.** ) | |

**ORDER**

This matter is before the Court on motions to dismiss filed by the three defendants. (Docs. 82, 83, 91). The government has filed a response, (Doc. 112), and the motions are ripe for resolution.[1]

**A. Count One.**

The second superseding indictment charges that the defendants conspired to defraud the United States in violation of 18 U.S.C. § 371 and conspired to commit the offense of federal-funds fraud against the City of Bayou La Batre ("the City") in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371.[2]

Defendant Galbraith takes the lead in briefing. She correctly notes that there are two "criteria by which the sufficiency of an indictment is to be measured." *Russell v.*

---

[1] To the extent the motions of Stanley Wright and Janey Galbraith challenge Count Eight, they have previously been denied as moot in light of the second superseding indictment. (Doc. 127).

[2] Count One also includes an aiding-and-abetting charge under 18 U.S.C. § 2.

*United States*, 369 U.S. 749, 763 (1962). "[F]irst, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet …." *Id.* (internal quotes omitted). In addition, the indictment must be sufficient to allow the defendant to plead an acquittal or conviction in bar of a second prosecution. *Id.* at 764; *accord United States v. McGarity*, ___ F.3d ___, 2012 WL 370104 at *__ (11th Cir. Feb. 6, 2012). Galbraith argues that the indictment fails either to contain all the elements of the charged offense or to inform her adequately of the charge against her. Neither argument is persuasive.

Count One sounds in conspiracy. It is not, as Galbraith appears to believe, a substantive count. She does not identify the elements of either a conspiracy or a substantive count, but it is plain that Count One encompasses them.

A conspiracy to defraud the United States requires proof that two or more persons, including the defendant in question, entered an agreement to defraud the United States and that at least one of the conspirators engaged in at least one overt act with the purpose of carrying out the object of the conspiracy. Eleventh Circuit Pattern Jury Instructions (Criminal) 13.6 (2010) ("Pattern Instructions"). Galbraith does not assert that these elements are not alleged, and they clearly are.[3]

A conspiracy to commit an offense against the United States (including a violation of Section 666(a)(1)(A)) requires proof that two or more persons, including the defendant in question, entered an agreement to accomplish a shared and unlawful plan and that at least one of the conspirators engaged in at least one overt act with the purpose of carrying out the object of the conspiracy. Pattern Instruction 13.1. Galbraith articulates no argument that these elements are not alleged and, as set forth in the preceding note, they clearly are.

---

[3] Count One alleges that the defendants knowingly conspired and agreed with each other to defraud the United States of various stated rights and to wrongfully obtain over $5,000 from the City in violation of § 666(a)(1)(A), and it lists at least seven overt acts taken in furtherance of the conspiracy and in order to effect its objects.

Instead, Galbraith objects that Count One does not contain all the elements of a substantive offense under Section 666(a)(1)(A). (Doc. 82 at 1, 3). She offers no authority for the novel proposition that the required elements of a conspiracy count include all the elements of the underlying substantive count. Nor does she offer any suggestion as to what the elements of the substantive count might be.

The Eleventh Circuit appears not to have identified those elements. The Sixth Circuit lists them as: (1) that the defendant was an agent of the victim entity; (2) that the defendant embezzled, stole, obtained by fraud or otherwise knowingly converted to his own use property worth at least $5,000 owned by the entity or in its care, custody or control; and (3) that the entity received, in a one-year period encompassing the wrongful conduct, over $10,000 in federal assistance. *United States v. Valentine*, 63 F.3d 459, 462 (6th Cir. 1995); *accord United States v. Phillips*, 219 F.3d 404, 409-10 (5th Cir. 2000).

Galbraith complains there is no allegation that she was an agent of the City. (Doc. 82 at 3). This seems doubtful, since the indictment alleges that the City hired her to administer the very grant out of which funds allegedly were improperly obtained. (Doc. 118 at 4). At any rate, the indictment alleges that co-conspirator Stanley Wright was the City's mayor, (*id.*), and in a conspiracy count his agency is sufficient. Galbraith identifies no other element of the substantive count that she finds lacking, nor can the Court detect one.

The thrust of Galbraith's attack is that Count One does not supply sufficient factual detail, especially as to her role. She maintains that the indictment must allege: that she knew defendant Stanley Wright owned the subject 0.208 acre and that he had transferred it to defendant Mary Wright to avoid a conflict in promptly re-selling the parcel to the City; that she knew this transaction was legally questionable; that she knew Mary Wright would or did give Stanley Wright the proceeds of the sale; and that she knew the price the City paid for the parcel was legally questionable. She argues the indictment must allege facts showing that she defrauded the City, how she defrauded the City, and that the City was in fact victimized. She insists the indictment must explain

how the alleged scheme and overt acts violate the federal-funds statue.  And she asserts that the indictment must identify the property of which the City was deprived.  (Doc. 82 at 3-4).

Galbraith, unsurprisingly, cites no authority for the dubious proposition that an indictment not providing such laborious detail is subject to dismissal as constitutionally deficient.  Her only cited authority involved a federal-funds count that provided "absolutely no factual detail regarding the scheme to defraud."  *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011).  *Schmitz* does not suggest that the voluminous detail contained in Count One somehow falls short of the legal minimum, and cases finding that the indictments under review contained adequate factual material reflect that Count One does so as well.  *See, e.g., United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009); *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007).

At any rate, the demanded information is in fact provided by the indictment.  Galbraith's awareness of the circumstances surrounding the transfers between the Wrights and the propriety of the sale of the transferred parcel to the City are encompassed in the allegation that the defendants knowingly entered a conspiracy with the object of knowingly and willfully obtaining property from the City by improper means, through the scheme elaborately set forth in the indictment.  Galbraith's personal fraud is immaterial to this conspiracy count but is nevertheless reflected in the allegations that she, after knowingly joining the conspiracy with its known object of defrauding the City, presented a request to the City to pay Mary Wright and advised a city council member that the transaction was legal and advised the council to trust her opinion.  The property of which the City was deprived is identified as part or all of the $27,249.00 the City paid for the parcel, and the City's victimization is shown by the allegation that the City paid this sum.  There is not a shadow of doubt that Count One provides the defendants "notice sufficient to enable them to prepare a defense."  *Jordan*, 582 F.3d at 1246.

Stanley Wright's brief adds a single new wrinkle.[4]  He asserts that Count One is based on a duty to disclose a potential conflict of interest surrounding the sale of the parcel to the City but that the indictment fails to allege that he breached that duty.  (Doc. 83 at 3-4).  The only reference to conflict of interest, however, occurs in the introduction to the indictment, not within Count One.  (Doc. 118 at 1-2).  Because Count One does not expressly incorporate any allegations falling outside its four corners, the material concerning conflict of interest is not properly part of Count One.  *Schmitz*, 634 F.3d at 261-62 (each count must be regarded as a separate indictment, and material lying outside a particular count cannot support that count unless it is expressly incorporated into it).

### B.  Count Two.

Count Two alleges a substantive count under Section 666(a)(1)(A) against Stanley and Mary Wright, along with an aiding-and-abetting charge.  Count Two essentially tracks the language of Section 666(a)(1)(A) but provides no factual material other than that the property converted was "monies in an amount in excess of $5,000.00 from the Regions Bank account owned by the City of Bayou La Batre and titled 'FEMA AHPP Grant' with the account number ending in [xxxx]."  (Doc. 118 at 7).

"An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him … is defective, although it may follow the language of the statute."  *Russell*, 369 U.S. at 765 (internal quotes omitted).  "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."  *Id.*  (internal quotes omitted).

---

[4] Mary Wright merely "adopts and joins" her co-defendants' motions, offering nothing additional in her own behalf.  (Doc. 91).

Count Two does not meet this standard. The bare language of the statute does not inform the defendants of the specific offense with which they are charged, and the mere identification of the account from which the converted monies were obtained does not supply the deficiency. The government points to all the factual detail provided in Count One but, as Stanley Wright points out, (Doc. 83 at 4), Count Two does not expressly incorporate any of those allegations. As discussed in Part A, those allegations therefore cannot be considered in evaluating the sufficiency of Count Two.[5]

### C. Counts Nine-Eleven.

Counts Nine, Ten and Eleven charge Galbraith with three counts of wire fraud and attempted wire fraud under 18 U.S.C. §§ 1343 and 1349. Galbraith argues the counts are defective in that they do not identify the property of which the government was defrauded or explain the materiality of the alleged falsehood. (Doc. 82 at 4-8).

The indictment charges a scheme to defraud the United States by presenting it with false information designed to conceal that federal grant funds were being expended on duplications of benefits, contrary to the requirements of the grant. The property of which the government was allegedly defrauded is patently the monies improperly expended in this manner.

"A 'material fact' is an important fact that a reasonable person would use to decide whether to do or not to do something. A fact is 'material' if it has the capacity or natural tendency to influence a person's decision." Pattern Instruction 51. Counts Nine through

---

[5] The situation in *Schmitz* was essentially the same as here. The indictment began with four mail-fraud counts that contained abundant detail concerning the fraudulent scheme, which the Court found to provide the defendant adequate notice of the charges against her. The next four counts charged violations of Section 666(a)(1)(A) but did not incorporate the factual material from the preceding counts concerning the scheme to defraud and instead merely tracked the statutory language. 634 F.3d at 1260-61. Dismissal was required because "[t]he federal-funds counts … do not stand on their own content, and do not expressly incorporate any allegations about the scheme to defraud from the mail-fraud counts." *Id*. at 1261-62.

Eleven allege: that the federal grant required that grant funds be expended only for eligible costs, which excluded use of the funds for duplication of benefits; that the government conducted an audit to confirm, inter alia, that adequate controls were in place to prevent such forbidden duplication of benefits; and that Galbraith instructed her staff to alter or omit documents submitted to the government in connection with the audit in order to conceal duplications of benefits that had occurred. It cannot seriously be suggested that these allegations do not address or reflect materiality.

### D. Conclusion.

For the reasons set forth above, Galbraith's motion to dismiss is **denied**, and the motions to dismiss of Stanley Wright and Mary Wright are **denied** with respect to Count One and **granted** with respect to Count Two. Count Two of the second superseding indictment is **dismissed**.

DONE and ORDERED this 8th day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE