IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 11-0262-WS |
| ) | |
| STANLEY M. WRIGHT, ) | |
| MARY L. WRIGHT a/k/a ) | |
|    MARY W. STRACHAN, a/k/a ) | |
|    MARY W. COOK, and ) | |
| JANEY GALBRAITH, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the defendants' motions to dismiss Counts One and Eight. (Docs. 164, 165, 166, 168). The government has filed a response, (Doc. 181), and the motions are ripe for resolution.

**A. Count One.**

All three defendants argue that a conspiracy to defraud the United States or any agency thereof under 18 U.S.C. § 371 is defective if it identifies as the target not only a federal agency but also others. The second superseding indictment charged in part a conspiracy to defraud the United States concerning its right to uncorrupted, unbiased, honest conduct "in dealing with FEMA and other matters." (Doc. 118 at 3). The defendants construe "and other matters" as injecting a target other than the United States or an agency thereof. Whatever the proper construction of this term in the context used, the government has deleted it from the third superseding indictment. (Doc. 180 at 3). The motion to dismiss Count One on this ground is therefore moot.

Only Mary Wright raises another objection to Count One. In a one-sentence argument, she asserts that "[e]ven if co-defendant Stanley Wright failed to disclose a conflict of interest count one is due to be dismissed as to Mary Wright (COOK) who is

[1]

not a public official." (Doc. 166 at 2). This is followed by an unadorned citation to *Skilling v. United States*, 130 S.Ct. 2896 (2010), which held that 18 U.S.C. § 1346 – which extends certain fraud offenses under Chapter 63 of Title 18 to include deprivations of "the intangible right to honest services" – reaches only bribes and kickbacks, not undisclosed conflicts of interest. *Id*. at 2932-33. Because neither Stanley Wright nor Mary Wright is charged under Section 1346 or any other portion of Chapter 63, her vague argument is inapposite.

For the reasons set forth above, the motions to dismiss Count One are **denied**.

### B. Count Eight.[1]

The defendants first repeat their argument regarding the effect of alleging "and other matters." As with Count One, the third superseding indictment eliminates this language, (Doc. 180 at 13), rendering the objection moot.

The defendants next argue that Count Eight is duplicitous in that it alleges two separate conspiracies rather than a single conspiracy with multiple objects. The Court cannot agree. Count Eight alleges that Stanley Wright and Galbraith entered a conspiracy to defraud the United States in connection with the handling of a HUD grant and to further defraud the United States by interfering with a federal auditor investigating compliance with the grant. (Doc. 180 at 12-13). The defendants assume there could not be a single conspiracy between them because the fraud against the United States allegedly began in approximately June 2006 while the audit did not commence until June 2010. The defendants have not attempted to explain how an agreement to defraud the

---

[1] This is Count Nine of the third superseding indictment.

government could not encompass an agreement to further the fraud by misleading any government auditor.[2]

Count Eight charges in part that Stanley Wright "corruptly influenced the award of housing assistance to beneficiaries he favored and influenced the tabling of applications from applicants he did not favor" and that Galbraith assisted him in this conduct.  (Doc. 180 at 14-15).  The defendants complain that there were hundreds of housing assistance decisions made in the period covered by the indictment and that it is unfair to require them to learn only from the witness stand at trial which of these many decisions are at issue.  The indictment, however, identifies only three overt acts in support of Count Eight, (*id*. at 15-16), and the challenged housing assistance decisions are necessarily confined to those embodied within those three overt acts – each of which apparently concerns only a single individual.  The defendants therefore know already which housing assistance decisions are at issue.[3]

For the reasons set forth above, the motions to dismiss Count Eight are **denied**.

DONE and ORDERED this 7th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g., United States v. Ross*, 131 F.3d 970, 980 (11th Cir. 1997) (one object of the defendants' conspiracy to commit mail and wire fraud was to "cover up their fraud so as to avoid detection by state insurance regulators").

[3] For the government to introduce evidence as to other housing assistance decisions presumably would require resort to Rule 404(b) or some other vehicle.