IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO. 11-00262-WS |
| | ) |
| STANLEY MARSHALL WRIGHT, | ) |
| MARY L. WRIGHT and | ) |
| JANEY GALBRAITH, | ) |
|    Defendants. | ) |

### ORDER

This matter is before the Court on the Government's Notice of Interlocutory Appeal (Doc. 306) and Motion To Dismiss Certain Counts (Doc. 308).

**I.     Notice of Interlocutory Appeal**

Late yesterday, pursuant to 18 U.S.C. § 3731, the Government appealed an oral ruling of this Court that excluded certain "other acts" evidence that the Government sought to introduce through Rule 404(b) of the Federal Rules of Evidence.  (Doc. 306).  To address the question of whether and to what extent the Government's appeal divests this Court of jurisdiction, the Court held a telephone conference this morning with counsel for the Government and counsel for Defendants Stanley Marshall Wright, Mary L. Wright, and Janey Galbraith.  During that call, the Court suggested that the parties consult the Eleventh Circuit's opinion in United States v. Tovar-Rico, 61 F.3d 1529 (11th Cir. 1995), and ordered the parties to comment further on the issue through a written submission.

The Government contends in its submission, as it did during the telephone conference, that this Court retains jurisdiction over all counts of the Third Superseding Indictment ("the Indictment) (Doc. 180) except for Counts 7 and 8, the two counts as to which the excluded 404(b) evidence bears relation.  (Doc. 313).  However, in a reversal from the position he took

earlier today, counsel for Defendant Stanley Wright now suggests that this Court is without authority to try his client on any part of the Indictment while the 404(b) issue is pending before the Eleventh Circuit.

It appears that, by the Government having noticed an appeal, this Court has been divested of jurisdiction as to Defendant Stanley Wright and that the Court cannot proceed on any of the charges of the Indictment as they pertain to that defendant. Though the Government correctly notes in its brief that, in Tovar-Rico, the Eleventh Circuit held that the pendency of a § 3731 appeal related to one defendant's suppression motion did not divest the district court of jurisdiction to try the non-moving defendants, that case does not support the proposition that, for the purpose of proceeding to trial, the district court can distinguish and effectively sever the counts related to the appeal from the counts unrelated to the appeal. In urging the Court to take a more surgical approach to the Indictment, the Government cites fewer than a handful of civil cases that affirm a district court's authority to entertain motions on matters collateral to the appeal and to take limited action in furtherance of the appeal. See Doc. 313 at 1-2 (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982), Mahone v. Ray, 326 F.3d 1176 (11th Cir. 2003), and Doe v. Bush, 261 F.3d 1037 (2001)). None of these cases even hints that, after an appeal has been noticed, a district court may swear a jury and proceed to trial. Reading Tovar-Rico in conjunction with out-of-circuit authority holding that a notice of appeal filed pursuant to § 3731 instantly divests the district court of jurisdiction "to take any further action *in the case*," United States v. Jefferson, 623 F.3d 227, 233 (5th Cir. 2010), this Court finds that the trial may not presently proceed as to Defendant Stanley Wright. However, no delay is warranted as to Defendants Mary L. Wright and Janey Galbraith.

**II.       Motion To Dismiss**

The Government seeks to dismiss Counts 10, 11, 12 of the Indictment and to dismiss Count 9 only as it pertains to Defendant Stanley Wright.  Additionally, the Government seeks to strike Paragraphs 47 and 48 of the Indictment.

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the Government "may, with leave of court, dismiss an indictment."  During the aforementioned telephone conference, counsel for Defendants Stanley Wright and Janey Galbraith stated that they had no objection to the Government's motion.  However, as set forth above, this Court no longer has jurisdiction as to Stanley Wright.  Accordingly, upon consideration, the Government's motion is **GRANTED in part**, and Counts 10, 11, 12, in their entirety, are **DISMISSED without prejudice**.  Count 9 is not dismissed, but all references to Stanley Wright as a defendant will be redacted from the Indictment before it is presented to the jury in the trial of Defendants Mary Wright and Janey Galbraith.

Paragraphs 47 and 48 of the Indictment are hereby **STRICKEN**.

**DONE** and **ORDERED** this the **18th** day of **May 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**