IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 11-00262-KD |
| | * | |
| STANLEY MARSHALL WRIGHT | * | |
| | * | |

UNITED STATES'S RESPONSE TO
DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

Comes now the United States of America, by and through Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and hereby responds to defendant's Motion to Terminate his Supervised Release.   The motion is due to be denied for the following reasons:

Title 18, United States Code, Section 3583( e) states that a district court may terminate a period of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice," after considering the purposes of sentencing under 18 U.S.C. 3553.   The requirement that any change be "in the interest of justice" allows the court to consider a broad range of factors in addition to a defendant's behavior in considering whether to terminate his supervised release.   *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999).

At the time of sentencing, this court imposed a term of three years of supervised release. The burden is on the defendant to demonstrate the appropriateness of an early termination. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).   Termination is reserved for rare cases of "exceptionally good behavior" or unforeseen circumstances.   *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).   Occasionally, changed circumstances will render a previously imposed

1

term too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *Lussier*, at 36 (2d Cir. 1997).

Here, the defendant fails to identify any reason that early termination of supervised release is warranted by his conduct or by the interest of justice.  Instead, he states that he has complied with all the terms of his supervised release.  This is what is expected of all defendants on supervised release.  Mere compliance with the conditions do not justify early termination.  Even model behavior will not suffice to justify the granting of such relief.  *See e.g., Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010)("[E]ven 'model prison conduct' is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination"); *United States v. Bauer*, 2012 WL 1259251 at **2-3(denying request for early termination of supervised release where the defendant asserted that termination was justified merely because he had complied with the terms to date and that the terms posed a hardship to him); *United States v. Grossi*, 2011   WL 70464 at **5-6 (N.D. Cal. 2011)(recognizing that "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination").

The defendant also states that he would like to travel in order to increase his oyster business.  He has failed to articulate even one instance where he has been restricted from doing his job or even that he has been slightly inconvenienced by a requirement to obtain permission before traveling outside the district.  Moreover, this is a matter, which if it even exists, is more properly resolved through communication with his probation officer.

In contrast, the "interests of justice" weigh heavily in favor of requiring the defendant to serve his complete sentence.  The defendant was convicted of a public corruption crime where he

helped himself to funds that were designated to help Bayou La Batre as it attempted to recover from a devastating hurricane. This case is still of significant public interest in the bayou. Numerous witnesses came forward to testify at trial at considerable risk to their reputations and livelihood. It is important to send the message to this community that this defendant will not receive any benefit because of his status.

Additionally, Darryl Wilson, another victim in this case, strongly objects. Mr. Wilson was placed in fear of harm and of interference with his employment after he agreed to cooperate with the FBI investigation of the defendant. The defendant's actions moving the victim to midnight shift, removing him from the federal task force, ordering that he be arrested for having an assigned work vehicle and requiring him to take a polygraph, were intended to reduce his stature in the law enforcement community and sent Wilson clear warning that his continued employment as a police officer was endangered.

Thus, the defendant's motion is due to be denied.

Respectfully submitted this 4th day of March, 2016.

KENYEN R. BROWN
UNITED STATES ATTORNEY

By:

*/s/ Maria E. Murphy*
Maria E. Murphy
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602

## **CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendants this the 4th day of March, 2016.

*s/Maria E. Murphy*